**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116159

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robert Fassler,<br><br>    Plaintiff,<br><br>vs.<br><br>Diversified Consultants Inc.,<br><br>    Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Robert Fassler (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Diversified Consultants Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.    At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Robert Fassler is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Diversified Consultants Inc., is a Florida Corporation with a principal place of business in Duval County, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 22, 2018. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
**Violation of 15 U.S.C. § 1692c(a)(2)**
**Validation of Debts**

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18. 15 U.S.C. § 1692c(a)(2) provides that "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

19. Plaintiff was represented by an attorney with respect to the Debt.

20. Defendant knew Plaintiff was represented by an attorney with respect to the Debt.

21. Defendant should have known Plaintiff was represented by an attorney with respect to the Debt.

22. Defendant was on notice that Plaintiff was represented by an attorney with respect to the Debt.

23. Plaintiff did not consent to Defendant contacting him directly.

24. No Court of competent jurisdiction gave Defendant permission to contact Plaintiff directly.

25. Despite knowing that Plaintiff was represented by an attorney with respect to the Debt, Defendant contacted Plaintiff directly.

26. Despite that fact that Defendant should have known that Plaintiff was represented by an attorney with respect to the Debt, Defendant contacted Plaintiff directly.

27. Despite that fact that Defendant was on notice that Plaintiff was represented by an attorney with respect to the Debt, Defendant contacted Plaintiff directly.

28. Despite knowing that Plaintiff was represented by an attorney with respect to the Debt, Defendant contacted Plaintiff directly in violation of 15 U.S.C. § 1692c(a)(2).

29. Despite that fact that Defendant should have known that Plaintiff was represented by an attorney with respect to the Debt, Defendant contacted Plaintiff directly in violation of 15 U.S.C. § 1692c(a)(2).

30. Despite that fact that Defendant was on notice that Plaintiff was represented by an attorney with respect to the Debt, Defendant contacted Plaintiff directly in violation of 15 U.S.C. § 1692c(a)(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. Defendant violated 15 U.S.C. § 1692c(a)(2) by sending Plaintiff the subject Letter, when it knew Plaintiff was represented by an attorney, with the prior consent of Plaintiff or the express permission of a court of competent jurisdiction.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

34. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

35. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

36. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

37. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

38. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

39. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

40. The Letter fails to explicitly identify the name of the creditor to whom the debt is owed.

41. The Letter states, "Current Creditor: Verizon."

42. The Letter states, "Original Creditor: Verizon."

43. The Letter fails to identify any entity as the "creditor to whom the debt is owed."

44. "Verizon," even if meant as the creditor to whom the debt is owed (which is not stated in the letter), is not specific enough to apprise Plaintiff of the identity of the creditor to whom the debt is owed.

45. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

46. Conversely, there are ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon."

47. The least sophisticated consumer would likely be confused as to which of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

48. The least sophisticated consumer would likely be uncertain as to which of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

49. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

50. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

51. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

52. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

53. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the <u>Creditor to Whom the Debt is Owed</u>

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. While § 1692e specifically prohibits certain practices, the list is non-exhaustive,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

and does not preclude a claim of falsity or deception based on any non-enumerated practice.

57. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

58. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

59. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

60. The letter could be read by the least sophisticated consumer to mean that any of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" was the owner of the debt.

61. Because the Letter could be reasonably read to have two or more different meanings as to the owner of the debt, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e

62. Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

63. The least sophisticated consumer would likely be deceived by Defendant's conduct.

64. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

65. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e

66. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67. The Letter claims Plaintiff owed $161.55 to "Verizon."

68. Plaintiff never contracted with "Verizon" for the charges stated.

69. Plaintiff never consented to being charged $161.55 by "Verizon."

70. Plaintiff does not owe $161.55 to "Verizon."

71. Plaintiff did not owe $161.55 to "Verizon."

72. Plaintiff never incurred a debt to "Verizon" in the amount of $161.55.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

73. At the time of the Letter, Plaintiff did not owe $161.55 to "Verizon."

74. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt.

75. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

76. Defendant's allegation that Plaintiff owed $161.55 to "Verizon" is a false representation of the character, amount, or legal status of any debt.

77. Defendant's demand that Plaintiff make payment for a debt that he does not owe is a false representation or deceptive means to collect or attempt to collect any debt.

78. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## JURY DEMAND

79. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: September 12, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *David M. Barshay*_____
David M. Barshay, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116159

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530